IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESLEY A. CLEAVER,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>UNION PACIFIC RAILROAD COMPANY,<br><br>　　　　　　　Defendant. | 8:18CV512<br><br>**MEMORANDUM AND ORDER** |

On July 31, 2019, the defendant, Union Pacific Railroad Company ("Union Pacific") moved for summary judgment on all claims filed by the plaintiff, Wesley A. Cleaver ("Cleaver"). ([Filing No. 15](#)). In support of its motion, Union Pacific relies on Cleaver's deemed admissions to requests for admissions served by Union Pacific and argues that based on those admissions, Union Pacific is entitled to judgment as a matter of law. ([Filing No. 16](#)). Cleaver filed no evidence opposing the motion for summary judgment. Instead, Cleaver objects and moves to withdraw the deemed admissions, ([Filing No. 18](#)). Cleaver seeks to replace those deemed admissions with a proposed response denying each request. ([Filing No. 18-1](#)). Cleaver has offered no evidence in support of the denials within his proposed amended response.

For the reasons stated below, Cleaver's motion ([Filing No. 18](#)), will be denied.

STATEMENT OF FACTS

Cleaver's FELA action was filed in this court on October 26, 2018. ([Filing No. 1](#)). Cleaver was a trackman and heavy equipment operator for Union Pacific. The complaint alleges exposure to toxins while working for Union Pacific caused or contributed to Cleaver's development of Non-Hodgkin's lymphoma. (Id.)

Cleaver's complaint was served on December 5, 2018 ([Filing No. 6](#)); Union Pacific's answer was filed on January 31, 2019. ([Filing No. 7](#)). The court entered an initial scheduling order on February 6, 2019. Under that order, Cleaver's mandatory disclosures were due on March 18, 2019. ([Filing No. 10](#)).

Union Pacific served requests for admissions on Plaintiff's counsel on March 19, 2019. ([Filing No. 11](#); [Filing No. 17, at CM/ECF p. 5](#)). The requests asked Cleaver to admit:

- Cleaver's exposure to:
  - diesel fuel (Request No. 1),
  - diesel exhaust (Request No. 2),
  - diesel fumes (Request No. 3),
  - benzene (Request No. 4),
  - herbicides (Request No. 5),
  - creosote (Request No. 6), and/or
  - asbestos fibers (Request No. 7),

  during his employment with Union Pacific did not cause or contribute to his non-Hodgkin's lymphoma.

- Union Pacific:
  - provided Cleaver with a reasonably safe place in which to work as

> required by the Federal Employers Liability Act, (Request No. 8);

- acted reasonably to minimize or eliminate Cleaver's exposure to toxic materials and carcinogens, (Request No. 9);

- took reasonable steps to warn Cleaver of the risks of exposure to potential carcinogens, (Request No. 10);

- made reasonable efforts to monitor the levels of exposure of Cleaver to potential carcinogens, (Request No. 11); and

- provided Cleaver with protective equipment designed to reasonably protect him from exposure to toxic materials and carcinogens, (Request No. 12).

> There are no known causes of mantle cell lymphoma, (Request No. 13).

([Filing No. 17, at CM/ECF pp. 6-9](#)).

Under the case progression order entered on April 12, 2019, ([Filing No. 12](#)), Cleaver's expert witness disclosures are due on February 4, 2020, with Defendant's due on April 8, 2020. The discovery deadline is June 5, 2020, and the dispositive and *Daubert* motion deadline is July 24, 2020. ([Filing No. 12](#)).

Union Pacific moved for summary judgment on July 31, 2019. ([Filing No. 15](#)). In response, on August 20, 2019 (the deadline for responding to the summary judgment motion), Cleaver moved to withdraw or amend the deemed admissions to the requests for admissions. ([Filing No. 18](#)). Prior to filing this motion, Plaintiff's counsel had never responded to the requests for admissions. ([Filing No. 17, at CM/ECF p. 3](#), ¶ 5).

In support of the motion to withdraw or amend the deemed admissions,

Cleaver has offered a verified copy of the responses to requests for admissions Cleaver intends to file if afforded the opportunity to do so. As to Request 1, Cleaver's proposed response denies the allegation, citing to an attached article titled "Diesel Exhaust and Cancer." (See [Filing No. 18-1 at CM/ECF pp. 6-12](#)). As to Requests 2, 3, and 4, Cleaver's proposed response denies the allegations, citing to an attached 2007 article titled Benzene Exposure and Risk of Non-Hodgkin Lymphoma. (See [Filing No. 18-1 at CM/ECF pp. 14-21](#)). As to Request 5, Cleaver's proposed response denies the allegation, citing to an attached 2000 article titled Non-Hodgkin's Lymphoma and Occupational Exposure to Chemicals in Canada. See ([Filing No. 18-1 at CM/ECF pp. 23-27](#)). Cleaver's proposed response denies Request 6 with no supporting attached article.

As to Request 7, Cleaver withdrew his allegation that asbestos caused his Non-Hodgkin's lymphoma and then denied that request as moot. As to Requests 8 through 13, Cleaver responds with the single word, "Denied," providing no explanation or evidence supporting that response. (See [Filing No. 18-1 at CM/ECF pp. 2-3](#)).

## ANALYSIS

Under Rule 36, a party may serve on the opposing party "a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." [Fed. R. Civ. P. 36(a)(1)](#). The responding party may admit the request, deny it, state that the party lacks the ability to admit or deny it after a reasonable investigation, or object to it. [Fed. R. Civ. P. 36(a)(4-5)](#).

A request served under Rule 36 "is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting

4

party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). Since Cleaver failed to respond to Union Pacific's requests for admissions within 30 days, by operation of Rule 36(a)(3), those requests are deemed admitted by Cleaver. Plaintiff's counsel now seeks to withdraw the deemed admissions and request leave to file Cleaver's proposed denial to Union Pacific's requests for admissions, (Filing No. 18-1), arguing:

> Defendant's requests for admissions included matters that go to the ultimate issues in this case and, if unanswered, may prove fatal to Plaintiff's claim. . . . Plaintiff should be permitted to amend her admissions pursuant to Fed. R. Civ. P. 36(b) as it is in the interests of this Court and justice as a whole to permit Plaintiff's claims to be tried on their merits rather than a discovery error.

(Filing No. 19, at CM/ECF p. 2).

Federal Rule of Civil Procedure 36(b) states:

> Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b).

When determining whether a party may withdraw or amend responses to requests for admissions, the court must consider: 1) whether permitting the amendment or withdrawal of an admission would promote the movant's ability to

5

have the case heard and decided on its merits, and 2) the prejudice to the party opposing withdrawal or amendment of a prior admission. F.D.I.C. v. Prusia, 18 F.3d 637, 640 (8th Cir.1994) (interpreting Rule 36(b)). The court does not focus on, and the moving party need not present, evidence of excusable neglect. Id. However, relief under Rule 36(b) remains discretionary. Therefore, "the final inquiry is whether the court will exercise its discretion to permit the amended admission." Atmosphere Hosp. Mgmt., LLC, v. Shiba Investments, Inc., No. 5:13-CV-05040-KES, 2015 WL 6872551, at *6 (D.S.D. Nov. 9, 2015).

> Rule 36(b) provides that a court "may" permit withdrawal or amendment of an admission if the two-factor analysis is met. Courts analyzing this issue have explained that "[b]ecause the language of the Rule is permissive, the court is not required to make an exception to Rule 36 even if both the merits and prejudice issues cut in favor of the party seeking exception to the rule.

Atmosphere Hosp. Mgmt., 2015 WL 6872551, at *6 (quoting Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 652 (2d Cir.1983)) (collecting cases).

The Rule changes of December 2015 clarified the parties' respective responsibilities with respect to discovery. Under Rule 1, the parties themselves must, along with the court, work to assure the just, orderly, inexpensive, and expeditious progression of cases. Rule 26(b)(1) outlines the proportionality analysis applicable to the discovery process, and all parties should provide information relevant to the proportionality assessment consistent with their ability to do so. Rule 26(b)(1), Committee Notes on Rules—2015 Amendment. As applied to Rule 36(b), the moving party will typically be responsible for explaining how withdrawal or amendment of deemed admissions will promote a ruling on the merits, with the non-moving party bearing the burden of showing how it will be prejudiced if the deemed admissions are withdrawn.

Plaintiff's counsel argues this case cannot be decided on the merits if the deemed admissions are not withdrawn. Cleaver further argues Union Pacific will not be prejudiced by withdrawal of the deemed admissions; that sufficient time remains before the pretrial conference to complete discovery and defend this case on the merits. See also, Quasias v. Schwan Food Co., 596 F.3d 947, 951 (8th Cir. 2010). Union Pacific concedes that Cleaver's deemed admissions wholly support their motion for summary judgment, thereby eliminating presentation of the facts at trial. And it does not argue that it will be unable to prepare for trial if the admissions are withdrawn.

Upon review of the record, the court finds Union Pacific will not be prejudiced if Cleaver's deemed admissions are withdrawn and replaced by denials. The fact that Union Pacific has already moved for summary judgment, or that withdrawal of the admissions will inconvenience Union Pacific by requiring it to defend against Cleaver's claims, does not provide a sufficient showing of prejudice. Prusia, 18 F.3d at 640. Prejudice is demonstrated with evidence of the difficulties a party would encounter in meeting case progression deadlines and trial settings if the previously deemed admissions are suddenly withdrawn or amended, e.g., the unavailability of key witnesses, or the inability or unreasonableness of securing experts and/or performing discovery on the topics deemed admitted.

In this case, the expert witness deadline is five months away, and the discovery deadline is still over seven months away. Union Pacific has not and cannot show it will be prejudiced if it must now defend against the statements previously deemed admitted by Cleaver's failure to timely respond to requests for admissions.

Turning to the first prong of the Rule 36(b) inquiry, the court must decide

whether the deemed admissions will negate a decision on the merits. The court notes that had Cleaver timely responded to Union Pacific's requests, its proposed response, (Filing No. 18-1), is likely a sufficient response to the requests for admissions. But that is not the issue before me.

"In considering whether the presentation of the merits will be improved by permitting an admission to be revised, courts have generally sought to determine whether the admission is contrary to the record of the case." Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co., 123 F.R.D. 97, 103 (D. Del. 1988). Where, as here, no timely response to requests for admissions is served, the court must decide whether allowing the deemed admission under Rule 26(a)(3) to stand will result in an unjust departure from resolution on the merits; whether based on facts existing and known by the responding party when the answers were due, recent factual changes, or post-answer discovery of new information, denying the right to correct a prior admission (deemed or otherwise) will undermine the goal of resolving the case based on truthful information.

"Permitting the amendment of responses to a request for admissions is in the interests of justice if the record demonstrates that the 'admitted' facts are contrary to the actual facts." Prusia, 18 F.3d at 641. "Although an admission should ordinarily be binding on the party who made it, there must be room in rare cases for a different result, as when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission." § 2264 Use and Effect of Admissions, 8B Fed. Prac. & Proc. Civ. § 2264 (3d ed.). See, Prusia, supra. (reversing the district court's denial of a motion to amend admissions where the facts of record showed the admissions were inaccurate and denying leave to withdraw and amend those admissions permitted the non-moving party to evade his otherwise undisputed liability on four promissory notes).

Where the moving party fails to show the deemed admissions are untrue, courts have denied the motion to withdraw those admissions for failure to show the admissions will prejudice the right to a ruling on the merits. Le v. Cheesecake Factory Restaurants Inc., No. 06-20006, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (affirming the court's denial of a motion to withdraw deemed admissions where the moving party failed to present any fact-specific argument or information showing that the deemed admission was untrue); Hautala v. Progressive Direct Ins. Co., No. CIV.08-5003-JLV, 2010 WL 1812555, at *11 (D.S.D. May 3, 2010) (denying withdrawal of deemed admissions where the moving party failed to prove the first prong of Prusia by failing to present evidence showing the deemed admitted facts were contrary to the actual facts); Centrifugal Acquisition Corp. v. Moon, 267 F.R.D. 240, 241 (E.D. Wis. 2010) (denying withdrawal of deemed admissions where evidence of record showed the admissions were true); Sharif v. Wellness Int'l Network, Ltd., No. 3:05-CV-1367-B, 2007 WL 9711725, at *3 (N.D. Tex. May 7, 2007) (denying a motion to withdraw deemed admissions where the plaintiff offered conclusory statements, such as these "central facts go to the core of Defendants' liability," but failed to offer any evidence that the admissions were untrue and therefore contrary to presentation of the case on the merits); Branch Banking & Tr. Co. v. Deutz-Allis Corp., 120 F.R.D. 655, 658 (E.D.N.C. 1988) (denying withdrawal of admission where the moving party presented no evidence showing the prior admission was inaccurate).

In the absence of any showing by Cleaver that its deemed admissions are untrue, those admissions are considered accurate factual statements for the purpose of deciding Cleaver's claims against Union Pacific on the merits. Here, as to Requests 8 through 12, Cleaver's proposed responses merely state "Denied." There is no evidence offered to support Cleaver's proposed response;

specifically, Cleaver offers no evidence that Union Pacific failed to:

- provide Cleaver with a reasonably safe place to work (Request 8);
- minimize or eliminate Cleaver's exposure to toxic materials and carcinogens (Request 9);
- warn Cleaver of the risks of exposure to potential carcinogens (Request 10);
- monitor the levels of Cleaver's exposure to potential carcinogens (Request 11), and/or
- supply to Cleaver protective equipment designed to reasonably protect him from exposure to toxic materials and carcinogens (Request 12).

Five months passed between filing Cleaver's complaint in this forum and serving the requests for admissions. By filing the federal complaint, Cleaver and its counsel certify that the factual contentions within the complaint "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Neither Cleaver's complaint nor the record before this court identify any allegations within the complaint for which discovery is needed before evidentiary support is available. So, at the time the complaint was filed, Cleaver was certifying that it already possessed that evidence. Yet, it offers no evidence showing the deemed admissions are untrue or inaccurate. Cleaver has failed to show the deemed admissions in Requests 8 through 12 should be withdrawn in favor of deciding this case on the merits.

Requests for Admissions 1 through 6, identify chemicals and state Cleaver's exposure to those chemicals during his employment with Union Pacific caused or contributed to his Non-Hodgkin's lymphoma. In support of Cleaver's proposed response denying request 1, Cleaver attaches a document titled Diesel

Exhaust and Cancer which states:

> Studies have also looked for links to blood system cancers such as lymphomas and leukemias (including childhood leukemia). While some studies have found possible links, others have not. More research is needed to show if diesel exhaust exposure is linked to any of these other cancers.

(Filing No. 18-1, at CM/ECF p. 9).

The second article, Benzene Exposure and Risk of Non-Hodgkin Lymphoma, begins by noting that benzene "is a widely recognized cause of leukemia, but its association with non-Hodgkin lymphoma (NHL) is less clear." (Filing No. 18-1, at CM/ECF p. 14). The article explains, however, that "[g]iven the association of benzene with disorders of the bone marrow and blood, and the ability of the chemical to produce chromosomal and genetic changes important to NHL induction, it is plausible that benzene is a specific solvent associated with NHL." (Filing No. 18-1, at CM/ECF p. 14). Based upon 43 case studies, the article states there is evidence of an association between occupational benzene exposure and NHL. (Filing No. 18-1, at CM/ECF p. 20).

The third article, Non-Hodgkin's Lymphoma and Occupational Exposure to Chemicals in Canada, finds "an increased risk of NHL among males exposed to benzidine, mineral, cutting, or lubricating oil, pesticides, and herbicides." (Filing No. 18-1, at CM/ECF p. 23).

Assuming the above-referenced articles are admissible for the purposes of the pending motion, they do not provide evidence that Cleaver's exposure to diesel fuel (Request No. 1), diesel exhaust (Request No. 2), diesel fumes (Request No. 3), benzene (Request No. 4), herbicides (Request No. 5), and creosote (Request No. 6) during his railroad employment caused or contributed

11

to his Non-Hodgkin's lymphoma.[1] Cleaver has filed no evidence explaining his job at Union Pacific, or whether, when, how, and to what extent Cleaver was exposed to any of the chemicals listed in the requests for admissions.[2] The articles attached to Cleaver's proposed amended response to the railroad's requests for admissions do not refute the veracity of the deemed admissions in Requests 1 through 6. Cleaver has therefore failed to prove the deemed admissions to Requests 1 through 6 must be withdrawn in favor of a ruling on the merits.

Finally, Request No. 13 states "There are no known causes of mantle cell lymphoma."[3] Cleaver cites no articles or evidence in support of this statement, and the articles attached to his proposed amended response to the requests for admissions do not mention mantle cell lymphoma. Cleaver offers nothing to contradict the deemed admission of Request 13. Cleaver has therefore failed to prove the Request 13 admission must be withdrawn in favor of a ruling on the merits.

Even assuming Cleaver had proved both prongs of the Rule 36(b) analysis, the

---

[1] The court notes that under the FELA, the question is whether railroad's negligence, no matter how slight, "caused or contributed to" the worker's injury. Whether a particular chemical exposure caused or contributed to the worker's injury is a wholly different question.

[2] The court recognizes that Cleaver's expert witness deadline is February 4, 2020. It did not anticipate Cleaver would file an early disclosure of that report in support of the motion for leave to withdraw the deemed admissions. But by filing this case, Cleaver certifies that it has evidence to support the claims. Certainly, that evidence would include some explanation of Cleaver's job and that he was, in fact, exposed to the chemicals identified in Cleaver's complaint and in Requests 1 through 6.

[3] Cleaver was diagnosed with mantle cell lymphoma, ([Filing No. 17, at CM/ECF p. 12](#)), a type of non-Hodgkin's lymphoma. https://www.webmd.com/cancer/lymphoma/mantle-cell-lymphoma#1.

court retains discretion to deny Cleaver's motion to withdraw its deemed admissions. While Plaintiff's counsel argues this court cannot consider his excuses and reasons (or complete lack thereof) for failing to timely respond to requests for admissions, (Filing No. 19, at CM/ECF p. 3), Rule 36(b) permits, but does not mandate leave to withdraw when both prongs of the Rule are met. Atmosphere Hosp. Mgmt., 2015 WL 6872551, at *6. If withdrawal or amendment of Cleaver's deemed admissions would promote the presentation of the merits of the action and would not prejudice Union Pacific's ability to defend this case, "the court may" (not "shall") grant leave to withdraw the deemed admissions. Fed. R. Civ. P. 36(b) (emphasis added).

Plaintiff's counsel offers no explanation for failing to comply with discovery deadlines—as to both the requests for admissions at issue, and more broadly, as to the numerous toxic tort cases Plaintiff's counsel has filed against Union Pacific on behalf of railroad employees. As Union Pacific argues, "the failure to respond to discovery in a timely manner has been a recurrent problem in these consolidated cases and evidences a lack of diligence in prosecuting this case. . . ." (Filing No. 21, at CM/ECF p. 2). The "recurrent problem[s]" referenced by Union Pacific's counsel are substantial and necessitated an in-court hearing with Plaintiff's counsel during which the repeated delays, oversights, and noncompliance with the rules and court-ordered deadlines were outlined by the undersigned magistrate judge on the record. (Filing No. 25, audio file). See also, Rhone v. Union Pacific Railroad Co., 8:18cv597, Filing No. 24, at CM/ECF p. 5 n. 2).

The court has repeatedly advised Plaintiff's counsel that the toxic tort cases he has filed against Union Pacific, including this one, must be litigated in a timely fashion. Yet, faced with the deemed admissions in this case, he provides only a cursory argument and no supporting evidence. Against that backdrop, and

with no explanation offered by Plaintiff's counsel for another failure to comply with court deadlines, the undersigned magistrate judge will not reward his failure to timely respond to requests for admissions, and his failure to present evidence explaining why the statements within Requests 1-13 are untrue, by permitting withdrawal of Cleaver's deemed admissions.

Accordingly,

IT IS ORDERED that the plaintiff's motion to withdraw the deemed admissions, and for leave to file an amended response denying each of Union Pacific's requests for admissions, ([Filing No. 18](#)), is denied.

October 9, 2019.　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　*s/ Cheryl R. Zwart*
　　　　　　　　　　　　　　　　　United States Magistrate Judge