IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WESLEY A. CLEAVER, <br><br> Plaintiff, <br><br> vs. <br><br> UNION PACIFIC RAILROAD COMPANY, <br><br> Defendant. | 8:18CV512 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56, Filing No. 15. The plaintiff filed a Federal Employer's Liability Act (FELA), 45 U.S.C. §§ 51-60 action which alleges that he was exposed to toxins and carcinogens while working at Union Pacific causing him to develop non-Hodgkin's lymphoma. Defendant contends that it filed a request for admissions which plaintiff failed to timely answer. Instead, plaintiff filed his notice to withdraw the deemed admissions to amend and permit him to answer the request for admissions. Filing No. 18. Plaintiff requests that he be permitted to respond to each request. Filing No. 18-1. The magistrate judge denied the motion to withdraw and replace the admissions, Filing No. 26.

The general facts, arguments, applicable law and behavior of plaintiff and his counsel are nearly identical to a case just decided by this Court in *Ribbing v. Union Pacific,* 18cv509, Filing No. 28. The Court adopts and incorporates the Ribbing analysis

1

and decisions into this Memorandum and Order. In particular, the Court stated and applies the following to this case:

> The Court has carefully reviewed the motion for summary judgment, the evidence, the relevant law, and the arguments made by the plaintiff. The Court notes that the magistrate judge is correct that the diligence required to litigate this and a number of related cases is lacking. There is little excuse for the failure to file a response to the admissions; likewise is no excuse for failure to object or appeal the Memorandum and Order, Filing No. 26, of the magistrate judge. The Court admonishes counsel for such behavior, and if such conduct continues, the Court will consider responses including referral of disciplinary proceedings in Nebraska and Pennsylvania. In an effort to assist plaintiff's counsel to conform to the court's progression orders, the court will order plaintiff's counsel to retain local counsel.
>
> The Court finds that had plaintiff's counsel appropriately and timely answered the admissions, much of this case might have been able to continue on the merits. The Court further finds that this case is not far enough into the litigation stages to be prejudicial to the defendant. Accordingly, the Court is will allow plaintiff to file an appropriate amended answers to the request for admissions which conform to the magistrate judge's order.[1] The plaintiff has 21 days from the date of this Memorandum and Order to do so. Failure to timely do so **WILL** result in dismissal of this case.
>
> Second, the Court has inherent power to issue a sanction on its own initiative in accordance with Fed. R. Civ. P. 37(c)(2), including reasonable attorney fees and expenses. The Court will award all attorney fees incurred by defendant in relation to the request for admissions, the filing and briefing of the summary judgment, and the time spent as it relates to those issues. The defendant has 14 days from the date of this order to file its request; the plaintiff has 14 days thereafter to file its response; the defendant has 7 days thereafter to file a reply. The parties may also brief the appropriateness of

---

[1] The Eighth Circuit has held:

> Because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely. *See, e.g., Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2d Cir.1966); *Pleasant Hill Bank v. United States*, 60 F.R.D. 1, 2–3 (W.D.Mo.1973); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2257, at 719–20 (1970). Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted. *See Finman, The Request for Admissions in Federal Civil Procedure*, 71 Yale L.J. 371, 432 (1962). But *see Luick v. Graybar Electric Co.*, 473 F.2d 1360, 1362 (8th Cir.1973) (unanswered request render matters requested conclusively established). Similarly, the granting of a motion to file *1313 the answers out of time is limited by the court's discretion.

*Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312–13 (8th Cir. 1983).

any other sanctions against the plaintiff for the failure to file timely responses to the admissions.

*Id.*

**THEREFORE, IT IS ORDERED THAT:**

1. The motion for summary judgment, Filing No. 15, is denied but subject to reassertion if and when plaintiff's timely amended response to request for admissions is filed;

2. The Memorandum and Order of the magistrate's order, Filing No. 26, is overruled in part and adopted in part, as is consistent with this Memorandum and Order;

3. Plaintiff's motion to amend notice, Filing No. 18, is granted as set forth herein;

4. Plaintiff's counsel is ordered to retain local counsel who shall make an appearance on or before January 31, 2020.

5. The Court awards attorney fees and costs to the defendant. The defendant has 14 days from the date of this order to file its request; the plaintiff has 14 days thereafter to file its response; the defendant has 7 days thereafter to file a reply.

Dated this 3rd day of January, 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge